IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN HICKS and CONNIE HICKS, | ) | |
| | ) | 2:10-cv-02641-GEB-GGH |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS IN PART AND REMANDING |
| EQUIFIRST CORPORATION, and DOES | ) | STATE CLAIMS |
| 1 through 100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant EquiFirst Corporation ("Defendant") moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiffs fail to state a cognizable claim against it. Plaintiffs did not file an opposition or statement of non-opposition in response to Defendant's motion as required by Local Rule 230(c). Nor did Plaintiff file a response to a Rule 4(m) order concerning whether other defendants in this action should be dismissed for lack of service of process. Those defendants are dismissed in a separate order.

This case was removed from state court based on federal question jurisdiction, premised on Plaintiffs claim under the Truth in Lending Act ("TILA"). For the reasons stated below, Plaintiffs' TILA claim will be dismissed with prejudice, and this action will be remanded to the state court from which it was removed.

1

# I. LEGAL STANDARD

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiffs.  See <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

Defendant's motion includes a request that a deed of trust and promissory note be considered under the incorporation of reference doctrine. (Def.'s Mot. to Dismiss ("Mot.") 4 n.2.; Decl. of Dawn N. Williams ("Williams Decl."), Exs. A-B.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted). However, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (quotation omitted). Here, Plaintiffs allege the existence of both the deed of trust and promissory note in their complaint and have not disputed the authenticity of the documents that Defendant seeks to have considered. See, Compl. ¶¶ 5, 6.  Therefore, the deed of trust and promissory note are considered as Defendant requests.

## II. BACKGROUND

On or about August 30, 2007, Plaintiffs obtained a loan from Defendant, which was secured by their real property, located at 26618 N. Highway 99, Acampo, California. (Compl. ¶¶ 5-6, Williams Decl., Exs. A-B.)

The relevant deed of trust identifies Defendant Liberty Title Company as the trustee and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for the lender and the lender's successors and assigns. (Williams Decl., Ex. 1.)

Plaintiffs' claims stem from their allegations that Defendants fraudulently induced them to enter into the loan, and are improperly pursuing foreclosure proceedings against them. (Compl. ¶¶ 5, 7.)

**III. DISCUSSION**

**A.    TILA Damages Claim**

Plaintiffs seek "attorneys fees and statutory damages under TILA." Plaintiffs allege Defendant violated TILA "regarding the nature of the original loan documents," by "under disclos[ing] the applicable finance charge." <u>Id.</u> ¶ 8. Defendant argues Plaintiffs' TILA damages claim should be dismissed because it is barred by the applicable one-year statute of limitations. (Mot. 10:16-23.)

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." <u>Grimes v. New Century Mortgage Corp.</u>, 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

Plaintiffs became "contractually obligated on a credit transaction" in August of 2007, when they executed the promissory note. (Williams Decl., Ex. A.) Therefore, the statute of limitations expired on Plaintiffs' TILA damages claim in August of 2008. Further, since Plaintiffs have not alleged a basis for equitably tolling this claim, Plaintiffs' TILA damages claim against Defendant is dismissed with prejudice.

**B.    State Law Claims**

Since only state law claims remain, the Court considers whether it should continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). <u>See</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999,

1   1000 (9th Cir. 1997) (en banc) (suggesting that a district court may,

2   but need not, sua sponte decide whether to continue exercising

3   supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal

4   law claims have been dismissed). The decision to decline supplemental

5   jurisdiction under 28 U.S.C. § 1367(c)(3) is informed by the values of

6   economy, convenience, fairness, and comity as delineated by the Supreme

7   Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726

8   (1966). Id. at 1001. "[I]n the usual case in which all federal-law

9   claims are eliminated before trial, the balance of [the] factors to be

10  considered . . . will point toward declining to exercise jurisdiction

11  over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill,

12  484 U.S. 343, 350 n.7 (1988).

13          Three of the four Gibbs factors weigh against the continued

14  exercise of supplemental jurisdiction over Plaintiffs' state claims.

15  Judicial economy does not favor continuing to exercise supplemental

16  jurisdiction since time has not been invested analyzing the state

17  claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he

18  district court, of course, has the discretion to determine whether its

19  investment of judicial energy justifies retention of jurisdiction or if

20  it should more properly dismiss the claims without prejudice.")

21  (citation omitted). Nor do the comity and fairness factors weigh in

22  favor of exercising supplemental jurisdiction since "[n]eedless

23  decisions of state law should be avoided both as a matter of comity and

24  to promote justice between the parties, by procuring for them a

25  surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

26  Therefore, Plaintiffs' state claims will be remanded under 28 U.S.C. §

27  1367(c).

28

**IV. CONCLUSION**

For the stated reasons, Plaintiffs' TILA damages claim is dismissed with prejudice, and Plaintiffs' remaining state claims are remanded to the Superior Court of California in the County of San Joaquin, from which this case was removed.

Judgment shall be entered in favor of Defendant on Plaintiffs' TILA damages claim.

Dated:  February 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge